**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **INTEGRITY BRANDS, LLC,** | **CASE NO. 19-55832-pwb** |
| **Debtor.** | |
| **INTEGRITY BRANDS, LLC,** | |
| **Movant,** | |
| **v.** | **CONTESTED MATTER** |
| **S&S GROUP, LLC, UMAD-ROGERS, LLC AND KAISER, SCHERER & SCHLEGEL, P.C.** | |
| **Respondents.** | |

**MOTION REQUESTING ENTRY OF ORDER**
**AUTHORIZING THE USE OF CASH COLLATERAL**

COMES NOW Integrity Brands, LLC ("Debtor"), and hereby files this "Motion Requesting Entry of Order Authorizing the Use of Cash Collateral" (the "Motion").  In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a) and 363.

**Background**

2.     On April 13, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3.     Debtor is a Georgia Corporation and as its business, Debtor is the franchisor of fast casual restaurants offering fresh-Italian foods and pizzas under the name Uncle Maddio's

Pizza and Uncle Maddio's Pizza Joint (the "Business" or sometimes "Uncle Maddio's"). Debtor's weekly budget is attached hereto as Exhibit "A" through July 6, 2019.

5.　　Pursuant to Bankruptcy Code Sections 1107 and 1108, Debtor continues to operate its business as a debtor-in-possession. Debtor is currently a debtor-in-possession and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate and effectively reorganize.

6.　　In order to preserve the estate, Debtor must have access to cash to pay the operating expenses of the Business.  If Debtor does not have the authority to use its available cash to pay operating expenses of the Business, including insurance, rent, taxes and payroll of the Business, the going concern value will be significantly harmed and the estate and creditors will be negatively affected.  Moreover, Debtor's franchisees will be unfairly impacted.

**Liens**

7.　　Upon information and belief, S&S Group, LLC ("S&S") asserts a first priority lien upon and security interest in Debtor's assets as more particularly described in the UCC Financing Statement number 0602015-02952 filed on April 1, 2015 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $1,242,250.68 [including Principal of $1,000,000.00, Interest of $192,919.10, and Legal Fees of $49,331.58] as of March 31, 2019.

8.　　Upon information and belief Umad-Rogers, LLC asserts a second priority lien upon and security interest in Debtor's assets as more particularly described in the UCC Financing Statement number 0602018-01397 filed on February 15, 2018 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $24,763.56 [including Principal of $18,949.65, Additional Principal of $4,500.00, and Interest of $1,313.91] as of March 31, 2019.

9.　　Upon information and belief Kaiser, Scherer & Schlegel, P.C. holds a third priority lien upon and security interest in Debtor's assets as more particularly described in the UCC

Financing Statement number 0602018-01411 filed on February 16, 2018 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $89,846.60 [including Principal of $83,649.88 and Interest of $6,196.72] as of March 31, 2019.

10.    Upon information and belief Libertas Funding, LLC asserts a fourth priority lien upon and security interest in Debtor's assets including all future receivables and payments rights and other assets more particularly described in the UCC Financing Statement number 007-2018-036221 filed on August 7, 2018 in the records of the Superior Court of Barrow County, Georgia securing an asserted outstanding indebtedness of approximately $150,000.00.

11.    Debtor is not aware of any other liens or security interests in Cash Collateral[1].

12.    On the Filing Date, Debtor had cash on hand for operations of approximately $2,779.81[2] and outstanding receivables in amount being calculated but, in any event, less than the asserted first priority lien of S&S.  Accordingly, no value exists in the Cash Collateral to attach to the liens of Umad-Rogers, LLC, Kaiser, Scherer & Schlegel, P.C. and Libertas Funding, LLC (collectively the "Junior Priority Respondents" and each a "Junior Priority Respondent")

## Relief Requested

13.    By this Motion, Debtor requests that the Court enter an order authorizing Debtor's use of cash collateral based on the Budget attached hereto as Exhibit "A".  Debtor requests the court hold an expedited interim hearing on this Motion on or before April 26, 2019 to prevent any harm to Debtor's ongoing business operations as Debtor must have the ability to continue operating in the ordinary course of business.

---

[1] Upon information and belief, Wri Retail Pool, I, L., P. asserts a judgment lien pursuant to the Writ of Fieri Facias recorded on June 27, 2018 on Lien Book 4208, Page 97 in the lien records of Fulton County, Georgia.  However, Debtor shows that this asserted judgment lien does not extend or attach to Cash Collateral.

[2] On the Filing Date, Debtor's Wells Fargo Bank accounts had been garnished by White Star Shoppes at FSK Mall LLC ("White Star"), and the garnished funds are being held by either Wells Fargo, the clerk of the applicable court or White Star.  Debtor has demanded the return of such

**Basis for Relief**

14.     Section 363(c)(2) provides that a debtor in possession may not use Cash Collateral unless an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral.  Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest.   Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

15.     Debtor requests the Court enter an Order authorizing Debtor to use Cash Collateral generated from the Business and otherwise: (a) in accordance with the budget attached hereto as Exhibit "A", the line items of which Debtor may modify by no more than ten percent (10%) and Debtor may carry over any unused budgeted amount, (b) for payment of U.S. Trustee fees and (c) or for other matters pursuant to orders entered by this Court after appropriate notice and hearing, except further provided that Debtor may pay the actual amount owed or deposit required to any utility, taxing authority, the United States Trustee or insurance company.

16.     Debtor has an immediate need to continue the operation of the Business and to protect the interests of the estate.  Without the use of Cash Collateral and the ability to operate, Debtor will not be able to maintain the going concern value of the estate.

17.     The entry of an Order granting Debtor's Motion to use Cash Collateral will minimize disruption of the Debtor's Business and is in the best interests of Debtor's estate and its creditors.   Therefore, it is in the interest of no one for any interruption to occur during Debtor's reorganization.

---

funds from White Star but White Star has thus far refused to return the same.  Debtor intends to take appropriate action to require the turnover of said funds.

18.    Notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b) is being sent to all parties required by such rule.  Specifically, notice of this Motion and any hearing thereon shall be provided to each Respondent, the United States Trustee and Debtor's creditors.

19.    Debtor requests that the Court approve the expenditures listed in Exhibit "A" which are reasonably necessary for the continued operation of Debtor's business affairs. Debtor has included a proposed Interim Cash Collateral Order as Exhibit "B" hereto.

WHEREFORE, for all of the above reasons, Debtor requests that the Court:

a)    authorize the Debtor to pay the expenses and other expenditures reasonably necessary for the continued operation of the Debtor's Business to avoid immediate and irreparable harm to the estate as detailed on Exhibit "A" and in this Motion;

b)    schedule an expedited interim hearing on this Motion on or before April 26, 2019; and schedule a final hearing on this motion; and

c)    grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 17th day of April, 2019.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Proposed Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300

**Exhibit "A" to Motion**
**Budget**

**Integrity Brands, LLC - Projected 12 Week Cash Flow Statement**

| | April 14 - 20 2019 | April 21 - 27 2019 | April 28 - May 4 2019 | May 5 - 11 2019 | May 12 - 18 2019 | May 19 - 25 2019 | May 26 - June 1 2019 | June 2 - 8 2019 | June 9 - 15 2019 | June 16 - 22 2019 | June 23 -29 2019 | June 30 - July 6 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| Royalty | $ 6,303.00 | $ 28,000.00 | | $ 28,000.00 | $ 5,000.00 | $ 28,000.00 | | $ 28,000.00 | $ 5,000.00 | $ 28,000.00 | | $ 28,000.00 |
| Payroll re-imbursments (N/A) | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | |
| Other | | | | | | | | | | | | |
| **Total Income** | **$ 9,411.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** | **$ 8,108.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** | **$ 8,108.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** |
| **EXPENSE** | | | | | | | | | | | | |
| Payroll | | | $ 27,432.41 | | $ 27,962.41 | | $ 27,432.41 | | $ 27,962.41 | | $ 27,432.41 | |
| Expense accts. | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | |
| Telephone - VZWireless | | | $ 450.00 | | | | $ 450.00 | | | | | $ 450.00 |
| Insurance - Humana | | | | | $ 4,224.36 | | | | | $ 4,224.36 | | |
| Storage | | | | | $ 1,088.00 | | | | | $ 1,088.00 | | |
| Franchise Support | | | | | | | | | | | | |
| Exp.Report | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | |
| Lodging | $ 440.00 | | | | $ 440.00 | | | | $ 440.00 | | | |
| Tavel | $ 500.00 | | | | $ 500.00 | | | | $ 500.00 | | | |
| Meals | $ 210.00 | | | | $ 210.00 | | | | $ 210.00 | | | |
| Google G-Suite | | | $ 393.00 | | | | $ 393.00 | | | | | $ 393.00 |
| Legal | $ 1,000.00 | $ 4,000.00 | $ 1,000.00 | | | $ 3,000.00 | | | | $ 3,000.00 | | |
| **Total Expense** | **$ 2,900.00** | **$ 4,000.00** | **$ 30,025.41** | **$      -** | **$ 35,174.77** | **$ 3,000.00** | **$ 29,025.41** | **$      -** | **$ 29,862.41** | **$ 8,312.36** | **$ 28,182.41** | **$ 843.00** |
| **Net Income** | **$ 6,511.33** | **$ 24,000.00** | **$(26,917.08)** | **$ 28,000.00** | **$(27,066.44)** | **$ 25,000.00** | **$(25,917.08)** | **$ 28,000.00** | **$(21,754.08)** | **$ 19,687.64** | **$(25,074.08)** | **$ 27,157.00** |
| **Cash flow +/-** | $ 738.94 | $ 24,738.94 | $ (2,178.14) | $ 25,821.86 | $ (1,244.58) | $ 23,755.42 | $ (2,161.66) | $ 25,838.34 | $ 4,084.26 | $ 23,771.90 | $ 4,470.20 | $ 25,854.82 |

**Exhibit "B" to Motion**
**Proposed Interim Cash Collateral Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **INTEGRITY BRANDS, LLC,** | |
|       **Debtor.** | **CASE NO. 19-55832-PWB** |
| **INTEGRITY BRANDS, LLC,** | |
|       **Movant,** | |
| **v.** | |
| **S&S GROUP, LLC, UMAD-ROGERS, LLC AND KAISER, SCHERER & SCHLEGEL, P.C.** | **CONTESTED MATTER** |
|       **Respondent.** | |

**INTERIM ORDER GRANTING DEBTOR'S MOTION REQUESTING AUTHORIZATION TO USE CASH COLLATERAL AND SCHEDULING FINAL HEARING ON THE DEBTOR'S REQUEST TO USE CASH COLLATERAL**

THIS MATTER came before the Court on the Debtor's "Motion Requesting Entry of Order Authorizing the Use of Cash Collateral" filed on April 17, 2019 (the "Motion"). The Court, having considered the Motion, the Budget filed by the Debtor and attached hereto as Exhibit "A" and all other matters of record, finds as follows:

A.      On April 13, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, commencing this Bankruptcy Case (the "Case").

B.      Since the Petition Date, Debtor has operated as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

C.      Debtor is a Georgia Corporation and as its business, Debtor is the franchisor for fast casual restaurants offering fresh-Italian foods and pizzas under the names Uncle Maddio's Pizza and Uncle Maddio's Pizza Joint, (the "Business" or sometimes "Uncle Maddio's").

D.      Upon information and belief, S&S Group, LLC ("S&S") asserts a first priority lien upon and security interest in Debtor's assets as more particularly described in the UCC Financing Statement number 0602015-02952 filed on April 1, 2015 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $1,242,250.68 [including Principal of $1,000,000.00, Interest of $192,919.10, and Legal Fees of $49,331.58] as of March 31, 2019.

E.      Upon information and belief Umad-Rogers, LLC asserts a second priority lien upon and security interest in Debtor's assets as more particularly described in the UCC Financing Statement number 0602018-01397 filed on February 15, 2018 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $24,763.56 [including Principal of $18,949.65, Additional Principal of $4,500.00, and Interest of $1,313.91] as of March 31, 2019.

F.      Upon information and belief Kaiser, Scherer & Schlegel, P.C. asserts a third priority lien upon and security interest in Debtor's assets as more particularly described in the UCC Financing Statement number 0602018-01411 filed on February 16, 2018 in the records of the Superior Court of Fulton County, Georgia securing an asserted outstanding indebtedness of $89,846.60 [including Principal of $83,649.88 and Interest of $6,196.72] as of March 31, 2019.

2

G.      Upon information and belief Libertas Funding, LLC asserts a fourth priority lien upon and security interest in Debtor's assets including all future receivables and payments rights and other assets more particularly described in the UCC Financing Statement number 007-2018-036221 filed on August 7, 2018 in the records of the Superior Court of Barrow County, Georgia securing an asserted outstanding indebtedness of approximately $150,000.00[1].

H.      On the Filing Date, Debtor had cash on hand for operations of approximately $2,779.81[2] and outstanding receivables in amount being calculated but, in any event, less than the asserted first priority lien of S&S.  Accordingly, Debtor asserts that no value exists in the Cash Collateral to attach to the asserted liens of Umad-Rogers, LLC, Kaiser, Scherer & Schlegel, P.C. and Libertas Funding, LLC (collectively the "Junior Priority Respondents" and each a "Junior Priority Respondent").  However, while Umad-Rogers, LLC and Kaiser, Scherer & Schlegel, P.C. agree that there exists no value in the Cash Collateral to attach to their liens, they assert that they are fully secured with respect to other, non-Cash Collateral assets of Debtor.

I.      Debtor shows that it requires the use of Cash Collateral to pay its payroll and pay its other operating expenses.

J.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Notice has been properly given in light of the circumstances in order to avoid irreparable harm to the Debtor's estate.

---

[1] Upon information and belief, Wri Retail Pool, I, L., P. asserts a judgment lien pursuant to the Writ of Fieri Facias recorded on June 27, 2018 on Lien Book 4208, Page 97 in the lien records of Fulton County, Georgia.  However, Debtor shows that this asserted judgment lien does not extend or attach to Cash Collateral.

[2] On the Filing Date, Debtor's Wells Fargo Bank accounts had been garnished by White Star Shoppes at FSK Mall LLC ("White Star"), and the garnished funds are being held by either Wells Fargo, the clerk of the applicable court or White Star.  Debtor has demanded the return of such funds from White Star but White Star has thus far refused to return the same.  Debtor intends to take appropriate action to require the turnover of said funds.

3

For the reasons stated on the record, and the Court being otherwise informed, it is hereby ORDERED that:

1.      The aforesaid findings, enumerated in paragraphs A through J above, are hereby incorporated into this Order as if fully set forth herein.

2.      For as long as the Debtor faithfully performs its obligations under this Order and until 11:59 p.m. EDT on the date of the Final Hearing (as defined herein); or as extended by the Court or consent of S&S (the "Cash Collateral Period"), the Debtor shall have the right to use the Cash Collateral on an interim basis subject to the terms of this Order.

3.      Debtor is authorized to use Cash Collateral generated from the Business as required in Debtor's business judgment in accordance with the Budget (the line items of which Debtor may modify by no more than ten percent (10%) (with the exception of any salaries or other employee related compensation which shall not be modified) and Debtor may carry over any unused budgeted amount) and for other amounts allowed or awarded pursuant to orders entered by this Court after appropriate notice and hearing. Notwithstanding anything to the contrary herein, Debtor may use Cash Collateral to pay the actual amount owed or deposit required to any utility, taxing authority (for post-petition taxes), the United States Trustee or insurance company as actually due and needed.

4.      For purposes of providing adequate protection to S&S for Debtor's use of Cash Collateral, without limiting any security interests or liens in the post-petition Collateral that are granted or extended to Respondent pursuant to 11 U.S.C. § 552, S&S is hereby granted a security interest in, and lien upon all of the post-petition cash collateral to the same extent, validity, amount, and priority as S&S's pre-petition security interests and lien upon such cash collateral (the "Replacement Liens") to secure against any diminution in value of any prepetition cash collateral in which S&S holds a valid, enforceable and perfected security interest resulting from the Debtor's use of Cash Collateral.

4

5.      As additional adequate protection to S&S for Debtor's use of Cash Collateral, Debtor will provide a cash summary report (identifying all cash received and expended) (the "Financial Reports") to counsel for S&S, Thomas Walker via email, on April 26, 2019 and continuing every other Friday thereafter for the term of the Cash Collateral Period.   The Financial Reports shall include bank account statements (or online banking reports) for all of Debtor's bank accounts showing activity for the given reporting period and copies of any checks written during the reporting period.   Further, Debtor shall promptly respond to all reasonable inquiries and comply with all reasonable requests for additional information by S&S with respect to any transactions or other information contained in the Financial Reports.

6.      Notwithstanding anything to the contrary herein, any funds collected by Debtor from franchisees as National Advertising Fees (as defined in the franchise agreements) shall be deposited into a segregated account and shall not be included in the definition of Cash Collateral nor used for or subject to the terms of the Budget or this Order provided that Debtor may collect any allowed reimbursements from the National Advertising Fees, which such sums may then be used for the budgeted items.

7.      Notwithstanding anything to the contrary herein, any funds collected by Debtor for gift card sales shall be deposited into a segregated account and shall not be included in the definition of Cash Collateral nor used for or subject to the terms of the Budget or this Order.

8.      Debtor shall make reasonable efforts to investigate and formulate procedures by which to offer the Debtor's assets for sale pursuant to 11 U.S.C. §363 or otherwise during the term of the Cash Collateral Period and shall provide a summary of those effort to counsel for S&S, Thomas Walker via email, on April 26, 2019 and continuing every other Friday thereafter for the term of the Cash Collateral Period.   In the event that Debtor fails to comply with the requirements in this paragraph, or in the event that S&S becomes reasonably concerned that Debtor's efforts to file a sale motion pursuant to 11 U.S.C. §363 are not progressing on a

reasonable timeline, then S&S shall be permitted to request an emergency hearing for the purpose of seeking to modify or terminate Debtor's use of Cash Collateral.

9.    This Order is without any prejudice to a Respondent's right to dispute at any time the Debtor's continued use of the Cash Collateral, seek relief from the stay or dismissal of this Case, and contest the nature, extent, validity or priority of any lien or security interest; and the entry of this Order is not to be interpreted as an agreement by any Respondent to support or accept final use of Cash Collateral, the filing of the Debtor's bankruptcy petition, any plan of reorganization or disposal of assets under Section 363 of the Bankruptcy Code, or any other proposed treatment of Respondent's asserted claim(s).

10.    This Order is entered without prejudice to the rights of a Respondent or other creditor to seek additional adequate protection or other relief available under the Bankruptcy Code, other applicable law or applicable loan documents.  Nothing herein shall be construed or interpreted as consent by a Respondent to entry of a final order authorizing the use of Cash Collateral.  Entry of this Order is without prejudice to the rights of Respondent, creditors or any party in interest to challenge or otherwise contest entry of a final order authorizing the use of Cash Collateral.

11.    This Order is also entered without prejudice to the claims, rights, and actions that: (A) Debtor may have to challenge the nature, validity, or extent of the liens or debts asserted by a Respondent; and (B) a Respondent may assert in any action by Debtor to challenge the nature, validity, or extent of the liens or debts it may assert, provided, however, that any action by Debtor seeking a determination as to the validity or priority of the liens asserted by S&S, Umad-Rogers, LLC or Kaiser, Scherer & Schlegel, P.C. (a "Lien Action") must be commenced by the date that falls sixty (60) days after the Petition Date (the "Lien Action Deadline").  In the event that a Lien Action is not commenced by the Lien Action Deadline, then Debtor shall be deemed to have waived any right to contest the validity or priority of the liens of S&S, Umad-Rogers, LLC and Kaiser, Scherer & Schlegel, P.C. The Lien Action Deadline shall

6

not apply to any objection or challenge to the asserted amount of S&S's, Umad-Rogers, LLC's, or Kaiser, Scherer & Schlegel, P.C.'s claims or the value of collateral securing such asserted claim.

12.    Upon the expiration of the Cash Collateral Period, Debtor's authority to utilize Cash Collateral shall terminate unless, such authority to utilize Cash Collateral has been extended by court order or consent from S&S.

13.    Upon a failure of Debtor to timely provide any Financial Reports, S&S shall be permitted to give Debtor a written notice of default (a "Default Notice") to Debtor's counsel via any means including electronic mail.  Debtor shall have five (5) days (or, in the event that the fifth day falls on a weekend or federal holiday, the next business day) from the date of a Default Notice to cure such default (a "Cure Deadline").  In the event that Debtor does not cure the defaults listed in a Default Notice by the applicable Cure Deadline, Debtor's authority to utilize Cash Collateral shall immediately terminate without the need for further court order.

14.    Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately upon its entry.

15.    This Order shall constitute an interim order for the authorization to use the Cash Collateral pursuant to Section 363 of the Bankruptcy Code and Fed.R.Bankr.P. 4001(b)(2). Any person who objects to the relief provided herein on a final basis:

      a. **Must file** a written objection, stating the grounds therefor, on or by May 30, 2019[3] ("Objection Deadline"):

            Clerk, U.S. Bankruptcy Court
            75 Ted Turner Drive, SW
            Room 1340
            Atlanta, GA 30303

---

[3] The deadline for filing objections electronically through the Court's electronic case filing system shall be 11:59:59 p.m.  The deadline for filing objections manually with the Clerk's office shall be 4:00 p.m.

b.  **Must serve** a copy of said objection on Debtor's counsel so that such written objection is received by Debtor's counsel by the Objection Deadline at the following addresses:

| Leslie M. Pineyro, Esq. | Thomas R. Walker, Esq. |
|---|---|
| Jones & Walden, LLC | FisherBroyles, LLP |
| 21 Eighth Street, NE | 945 E. Paces Ferry Road, NE., Suite 2000 |
| Atlanta, GA 30309 | Atlanta, GA 30326 |

c.  **Must advocate** the objection at the Final Hearing.  If objections are timely filed and served by the Objection Deadline in accordance with this Order, a Final Hearing will be held on the **6th of June, 2019 at 10:00 am in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303.** Any objection not timely filed, served and advocated at the hearing shall be deemed waived.  If no objection is filed as set forth above by the Objection Deadline, this Order and the relief granted herein shall thereupon stand APPROVED on a final basis without further notice or hearing.

**[End of Order]**

**Prepared and presented by:**
JONES & WALDEN, LLC
/s/ Leslie M. Pineyro
Leslie M. Pineyro
Georgia Bar No. 969800
21 Eighth Street, NE
Atlanta, GA 30309
(404) 564-9300 Telephone
(404) 564-9301 Facsimile
lpineyro@joneswalden.com
*Proposed Counsel for the Debtor*

**Consented to By:**
/s/ Thomas R. Walker
Thomas R. Walker, Esq. (with
Express Permission by Leslie Pineyro)
FisherBroyles, LLP
Georgia Bar No. 732755
Thomas.Walker@fisherbroyles.com
(404)728-1970
*Counsel to S&S, LLC, Umad-Rogers, LLC, and Kaiser, Scherer & Schlegel, P.C.*

8

**Distribution List:**

Leslie M. Pineyro, Jones & Walden, LLC, 21 Eighth Street, N.E., Atlanta, Georgia 30309

Office of the United States Trustee, Suite 362, Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303

**Exhibit "A" to Order**
**Budget**

**Integrity Brands, LLC - Projected 12 Week Cash Flow Statement**

| | April 14 - 20 2019 | April 21 - 27 2019 | April 28 - May 4 2019 | May 5 - 11 2019 | May 12 - 18 2019 | May 19 - 25 2019 | May 26 - June 1 2019 | June 2 - 8 2019 | June 9 - 15 2019 | June 16 - 22 2019 | June 23 -29 2019 | June 30 - July 6 2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | | |
| Royalty | $ 6,303.00 | $ 28,000.00 | | $ 28,000.00 | $ 5,000.00 | $ 28,000.00 | | $ 28,000.00 | $ 5,000.00 | $ 28,000.00 | | $ 28,000.00 |
| Payroll re-imbursments (N/A | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | | $ 3,108.33 | |
| Other | | | | | | | | | | | | |
| **Total Income** | **$ 9,411.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** | **$ 8,108.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** | **$ 8,108.33** | **$ 28,000.00** | **$ 3,108.33** | **$ 28,000.00** |
| | | | | | | | | | | | | |
| **EXPENSE** | | | | | | | | | | | | |
| Payroll | | | $ 27,432.41 | | $ 27,962.41 | | $ 27,432.41 | | $ 27,962.41 | | $ 27,432.41 | |
| Expense accts. | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | | $ 500.00 | |
| Telephone - VZWireless | | | $ 450.00 | | | | $ 450.00 | | | | | $ 450.00 |
| Insurance - Humana | | | | | $ 4,224.36 | | | | | $ 4,224.36 | | |
| Storage | | | | | $ 1,088.00 | | | | | $ 1,088.00 | | |
| Franchise Support | | | | | | | | | | | | |
| Exp.Report | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | | $ 250.00 | |
| Lodging | $ 440.00 | | | | $ 440.00 | | | | $ 440.00 | | | |
| Tavel | $ 500.00 | | | | $ 500.00 | | | | $ 500.00 | | | |
| Meals | $ 210.00 | | | | $ 210.00 | | | | $ 210.00 | | | |
| Google G-Suite | | | $ 393.00 | | | | $ 393.00 | | | | | $ 393.00 |
| Legal | $ 1,000.00 | $ 4,000.00 | $ 1,000.00 | | | $ 3,000.00 | | | | $ 3,000.00 | | |
| **Total Expense** | **$ 2,900.00** | **$ 4,000.00** | **$ 30,025.41** | **$    -** | **$ 35,174.77** | **$ 3,000.00** | **$ 29,025.41** | **$    -** | **$ 29,862.41** | **$ 8,312.36** | **$ 28,182.41** | **$ 843.00** |
| | | | | | | | | | | | | |
| **Net Income** | **$ 6,511.33** | **$ 24,000.00** | **$(26,917.08)** | **$ 28,000.00** | **$(27,066.44)** | **$ 25,000.00** | **$(25,917.08)** | **$ 28,000.00** | **$(21,754.08)** | **$ 19,687.64** | **$(25,074.08)** | **$ 27,157.00** |
| | | | | | | | | | | | | |
| **Cash flow +/-** | $ 738.94 | $ 24,738.94 | $ (2,178.14) | $ 25,821.86 | $ (1,244.58) | $ 23,755.42 | $ (2,161.66) | $ 25,838.34 | $ 4,084.26 | $ 23,771.90 | $ 4,470.20 | $ 25,854.82 |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing "Motion Requesting Entry of Order Authorizing the Use of Cash Collateral" using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program.

- **Martin P. Ochs**    martin.p.ochs@usdoj.gov

- **Leslie M. Pineyro**    lpineyro@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com;mvining@joneswalden.com; cmccord@joneswalden.com;arich@joneswalden.com;ewooden@joneswalden.com

- **Thomas R. Walker**    thomas.walker@fisherbroyles.com

This 17th day of April, 2019.

                             **JONES & WALDEN, LLC**

                             */s/ Leslie M. Pineyro*
                             Leslie M. Pineyro
                             Georgia Bar No. 969800
                             Proposed Attorney for Debtor
                             21 Eighth Street, NE
                             Atlanta, Georgia 30309
                             (404) 564-9300